MARY MORSE v. JOHN WIND AND ANOTHER.[1]

December 12, 1941.

No. 32,848.

*Walter L. Chapin* and *George G. Chapin,* for appellant.

*Fred A. Kueppers,* for respondents.

*Harry W. Oehler,* Corporation Counsel of St. Paul, and *Louis P. Sheahan,* Assistant Corporation Counsel, *amici curiae,* filed a brief in support of the contention of respondents.

PETERSON, JUSTICE.

This action as modified by stipulation at the trial is for a mandatory injunction to compel defendants to remove a partially

[1]Reported in 1 N. W. (2d) 369.

constructed shed which was an addition to an existing building on their premises. The claim is that the shed is being erected in violation of ordinance No. 5840 of the city of St. Paul, adopted in 1922 and commonly known as the building zone or zoning ordinance.

Among other things, the zoning ordinance classifies and regulates the location and use of buildings. There are three types of residential zones, "A," "B," and "C," and such nonresidential zones as "Commercial," "Light Industry," "Heavy Industry," and "Public Properties." The restrictions decrease in the order mentioned. For example, the "Commercial" is less restricted than residence "B."

The properties of plaintiff and defendants adjoin, but they are "zoned" with different classifications, plaintiff's as residence "B" and defendants' as "Commercial."

Plaintiff's property is lot 26 in block 10, Lewis' Second Addition to the city of St. Paul. Defendants' property consists of lots 27, 28, 29, and 30 of the same block and addition. All the lots face Marion street and are 25 feet wide by 123.75 feet long. Lot 30 is at the corner of Front street, and the other lots are located to the south thereof in numerical order.

The commercial zone extends back 100 feet from Front street, thus including all of lots 30, 29, 28, and 27. Lot 26 is contiguous to the south side of lot 27.

When the zoning ordinance became effective, there was a store building at the corner of Marion and Front streets which faced on Front street and extended back 50 feet across lots 30 and 29 and with an adjacent shed which extended 16 feet back on lot 28. The west wall of the store building and shed was coincident with the east line of Marion street.

This was the situation not only in 1922, when the zoning ordinance became effective, but also in 1925, when defendants became the owners of lots 30, 29, and 28. In 1926 or 1927, under a duly issued building permit, they remodeled and extended the shed all the way across lot 28 to within a foot of the south line and with

the west line thereof coincident with the east line of Marion street. In 1934 defendants purchased lot 27, which then had a small dwelling house situated thereon. Sometime later the house was removed.

Plaintiff has owned lot 26 since about 1915. On it is situated her dwelling house, which is set back 12 feet from the east side of Marion street.

On October 27, 1939, defendants applied to the commissioner of parks, playgrounds and public buildings (herein referred to as the commissioner) for a permit to erect a shed as an addition to the existing buildings. They proposed to extend the shed across lot 27 and have the west wall thereof coincident with the east line of Marion street. The permit was granted upon condition that the west wall of the shed be set back 12 feet from Marion street on the building line established for residential property in that block.

Being dissatisfied with the condition, defendants, pursuant to the ordinance, appealed to the city council, which accepted jurisdiction and referred the matter to the board of zoning. After a report by the board adverse to defendants and hearing thereon, the council ordered a variation of the zoning ordinance so as to allow defendants to erect the shed and authorized the commissioner to issue the necessary permit. After the shed was partially erected under the permit which was issued, this action was begun.

Plaintiff, in effect, contends that the erection of the shed in the manner stated, with its west wall flush against the east line of Marion street, violates the set-back provisions of the zoning ordinance and that the council was without authority to order the variation of the ordinance for lack of written consent of the owners of two-thirds of the real estate within 100 feet of the property affected, which she claims is required by Mason St. 1927, § 1614, and because the power, if any, to make such a variation is vested in the "city planning commission," and not the city council, as the board of adjustment, by Mason St. 1940 Supp.

§ 1617-2. Defendants contend that they were entitled to the building permit without any condition in the form for which the application was originally made and that the council had the power to vary the zoning ordinance without the consent of affected property owners.

The decision was in favor of defendants, and plaintiff appeals.

If we sustain defendants' contention that they were entitled to erect the shed as they proposed without action by the city council, that is the end of the case, and the other questions need not be considered.

The set-back provisions are contained in § 16 of the zoning ordinance. Paragraph "a" provides that no building shall be erected on property zoned as class "B" nearer the street than a distance equal to 20% of the average depth of the lot; "provided, that where a street wall line adjoins a *less restricted* or *a street wall line* exempt from the provisions of this section the adjoining street wall line for the nearest 75% of the frontage and not in excess of 30 ft. in any case, may conform to the provisions of this section as they apply to the less restricted or exempt street wall line which it adjoins."

Paragraph "d" reads:

"Where any existing building erected prior to the time of the passage of this ordinance has its street wall nearer to the street line than the building lines as established by this section, then the street wall of any building hereafter erected or altered on that 75% of the frontage and not in excess of 30 ft. except as provided in paragraph 'f' of this section measured to the nearest foot, of the adjacent lot adjoining the premises of the said existing building may be erected not nearer the street line than the street wall of the existing building."

Paragraph "f" in part provides:

"Where a commercial district or industrial district or districts occupy part of a block with an 'A' residence, 'B' residence or 'C' residence district, all street wall line provisions of this section

shall apply to that part of each commercial district and each industrial district within that block, except that the provisions of paragraph 'd' of this section shall apply to the entire frontage of a commercial or industrial district in the block; otherwise the provisions of this section apply only to 'A' residence, 'B' residence and 'C' residence districts."

The ordinance is not exactly a gem for clarity. We think that under paragraph "d" the street wall line of an existing building erected prior to the passage of the ordinance which is nearer to the street than the building lines established by § 16 shall be the building line not only of a building erected or altered on the 75%, but not in excess of 30 feet, of the frontage of the adjoining lot, but of the existing building also; and that under paragraph "f" such building line shall apply to the entire frontage of a commercial district in the block. The proviso in paragraph "a" shows the same intention, where, as here, a street wall line such as plaintiff's adjoins a less restricted wall line such as defendants'. What all this means is that in a "commercial" district the street wall line of an existing building erected before the ordinance was adopted shall be the building line for that district.

Defendants' existing building established the street wall line coincident with the east line of Marion street for the full 100 feet south from Front street. This included all of lots 30, 29, 28, and 27. They were entitled to erect the shed as an addition to their building with its west wall line coincident with the east line of Marion street as the established line without a variation of the zoning ordinance or other action by the city council and to the building permit for which they originally applied. The order appealed from should be affirmed.

Affirmed.